1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COM**
**MATTHEW Q. CALLISTER, ESQ.**
Nevada Bar No.  001396
mqc@call-law.com
**MITCHELL S. BISSON, ESQ.**
Nevada Bar No.  011920
mbisson@call-law.com
**CALLISTER & ASSOCIATES**
823 Las Vegas Boulevard South, Ste. 330
Las Vegas, Nevada 89101
Phone: (702) 385-3343
Fax:    (702) 385-2899
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **GLOBAL PANDA ENTERTAINMENT LLC**, a Nevada Limited Liability Company; and **JIAXUAN INVESTMENT, LTD**, a foreign limited company and member of Global Panda Entertainment LLC, | Case No.: |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| **FAI WONG a/k/a HUI WANG**, individually and as member of Global Panda Entertainment LLC ; and DOES 1 through 10, inclusive; and ROES 11 through 20, inclusive, | |
| Defendants. | |

COMES NOW, Plaintiffs GLOBAL PANDA ENTERTAINMENT, LLC, and JIAXUAN

INVESTMENT, LTD, by and through counsel of record Matthew Q. Callister, Esq. and Mitchell S.

Bisson, Esq. of the law firm of Callister & Associates and hereby files this Complaint against Defendant

FAI WONG aka HUI WANG ("Wong") and  DOE and ROE Defendants and alleges as follows:

**PARTIES AND JURISDICTION**

1.    Plaintiff Global Panda Entertainment, LLC (hereinafter "GPE"), is a Nevada Limited Liability Company doing business in Clark County, Nevada.

2.    Plaintiff Jiaxuan Investment, LTD (hereinafter "Jiaxuan") is a foreign corporation that holds a 60% membership interest in GPE. Zhongmin Xu (hereinafter "Xu") is a representative of Jiaxuan and is authorized to act on its behalf.

3.    Upon information and belief, Defendant Fai Wong aka Hui Wang (hereinafter "Wong") is and was a resident of Clark County, Nevada and holds a 20% membership interest in GPE.

4.    The true names and capacities of DOES 1 through 10, inclusive, and ROES 11 through 20, inclusive, are unknown to the Plaintiff at this date; said Defendants are named herein, but may be responsible or liable to the Plaintiff by virtue of the actions hereinafter described and Plaintiff reserves its right to amend the Complaint to insert any additional charging allegations, together with their true identities and capacities, when the same have been ascertained.

5.    This lawsuit involves a series of transactions, schemes, and illicit conduct occurring in Clark County, Nevada.

6.    This Court has personal jurisdiction over the Defendants.

7.    This Court is an appropriate venue for this civil action.

**FACTUAL ALLEGATIONS**

8.    In or around October 2013, Xu (on behalf of Jiaxuan), An Zhao, and Wong entered into an agreement for the operation of Global Panda Entertainment LLC, in which Jiaxuan would hold a 60% membership interest in GPE, Zhao would hold a 20% membership interest in GPE, and Wong would hold a 20% membership interest in GPE.

9.    Each member would benefit from the profits of the Panda Show and be responsible for the losses

of the Panda Show according to the terms of the Panda Show Project Cooperation Agreement (hereinafter "Panda Show Agreement").

10.   The purpose of GPE was to promote Chinese culture and expand the influence of Chinese culture abroad.

11.   GPE sought to fulfill its goal by performing a production called the Panda Show at the Palazzo Theater of the Venetian Resort Hotel & Casino in Las Vegas, Nevada.

12.   The Panda Show was a Chinese Kung Fu show with Chinese characteristics and international concepts which would be suitable for international audiences and would generate a strong response from its audience. The Panda Show integrated performance forms including opera, acrobatics, dance, aerial skills, and talk shows with choreography, lighting, sound, and costume. The entire production would last approximately 80 minutes.

13.   According to the Panda Show Agreement signed by Jiaxuan, Zhao, and Wong, Jiaxuan would be the principle investor, Zhao would be responsible for all production of the show including stage production, choreography, design, music, costumes, modeling, and every other aspect of the performance of the show, and Wong would be responsible for the managerial aspects of the show in the United States and marketing.

14.   Further, the Panda Show Agreement explicitly stated that the copyrights for the show would be an asset and property of Beijing Jiaxuanpaida Culture Media Co., Ltd.

15.   Additionally, the Trademark and other associated intellectual property related to the Panda Show is an asset and property of GPE.

16.   Beginning in or around September 05, 2014, Defendant Wong began taking multiple unauthorized actions that have severely harmed the interests and legal rights of GPE and its other two members, Jiaxuan and Zhao.

17. In or around September 05, 2014, Defendant Wong, without authorization, consent or knowledge of the other members of GPE, unilaterally filed an Amended List of Managers or Managing Members with the Nevada Secretary of State changing the list of managers/members for GPE *from:* (1) himself, (2) Li Wu (on behalf of Jiaxuan), and (3) Yenxuan Zhao (on behalf of An Zhao), *to:* (1) himself and (2) Qun Yang.

18. The aforementioned amendment was fraudulently made as Defendant did not have the permission, consent, or authorization of the Plaintiffs, as required by the structure of GPE and the Panda Show Agreement.

19. Further, on or about October 7, 2014, Defendant Wong submitted an application to the United States Patent and Trademark Office ("USPTO"), using GPE funds, seeking to obtain a trademark for the Panda Show mark in his *individual name* rather than in the name of GPE.

20. Defendant Wong falsely stated in his USPTO application that he had individually first put the Panda Show Trademark into commercial use on January 07, 2014; however, said representation on Defendant Wong's application is false because any first commercial use of the Panda Show mark was by GPE as per the parties' agreement.

21. The aforementioned application to the USPTO was false and fraudulently made by Defendant Wong for two reasons. First, Defendant lacked permission of the Plaintiffs, as required by the structure of GPE and the Panda Show Agreement. Second, the Trademark related to the Panda Show belongs to GPE, *not* Wong.

22. Additionally, Defendant Wong  began advertising in the Las Vegas Chinese News Network (a Las Vegas-based Chinese newspaper) for a new Panda Show beginning in March 2015. This promotion was made without any knowledge or consent from GPE or its other members.

23. Further, the aforementioned advertisement utilized GPE's intellectual property and has caused

confusion in commerce concerning the origins of the Panda Show and the ownership of all associated intellectual property.

24.     As a result of Defendant Wong's actions, Plaintiffs have been damaged in excess of $10,000.00.

**FIRST CLAIM FOR RELIEF**
*(Breach of Contract)*

25.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein and further allege and aver as follows:

26.     Plaintiffs and Defendant entered into a valid and enforceable contract when they executed the Panda Show Project Cooperation Agreement, which stated specific duties and obligations of the respective parties.

27.     Defendant Wong breached the contract when he altered the list of managers and members with the Nevada Secretary of State without authorization, filed for a Federal trademark with the USPTO in his own individual name (using GPE funds), and began advertising for a new Panda Show without the knowledge or consent of Plaintiffs.

28.     Indeed, Defendant's obligations to seek approval of all members was reaffirmed during several member meetings, as well as the Panda Show Agreement.

29.     As a direct and proximate result of Defendant's breach, Plaintiffs have been damaged in excess of $10,000.00.

30.     As a result of Defendant's actions, Plaintiffs have been forced to retain counsel in order to prosecute this action and are entitled to recovery of reasonable attorney's fees and costs herein.

**SECOND CLAIM FOR RELIEF**
*(Breach of Duty of Good Faith and Fair Dealing)*

31.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein and further

allege and aver as follows:

32.     Defendant Wong owed a duty of good faith to Plaintiffs.

33.     Defendant breached his duty in a manner that was unfaithful to the Panda Show Project Cooperation Agreement when  he altered the list of managers and members with the Nevada Secretary of State without authorization, filed for a Federal trademark with the USPTO in his own individual name (using GPE funds), and began advertising for a new Panda Show without the knowledge or consent of Plaintiffs.

34.     As a direct and proximate result of Defendant's breaches, Plaintiffs' justified expectations were denied and they have suffered damages in an amount in excess of $10,000.

35.     As a result of Defendant's actions, Plaintiffs have been forced to retain counsel in order to prosecute this action and are entitled to recovery of reasonable attorney's fees and costs herein.

**THIRD CLAIM FOR RELIEF**
***(Breach of Fiduciary Duty)***

36.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein and further allege and aver as follows:

37.     Pursuant to the Panda Show Agreement, and based on his role as a member and former officer of GPE, Defendant Wong owed a fiduciary duty to the Plaintiffs.

38.     The fiduciary duty between partners is one of full and frank disclosure of all relevant information and of loyalty.

39.     Defendant breached his fiduciary duties to Plaintiffs when he altered the list of managers and members with the Nevada Secretary of State without authorization, filed for a Federal trademark with the USPTO in his own individual name (using GPE funds), and began advertising for a new Panda Show without the knowledge or consent of Plaintiffs.

40.   As a direct and proximate result of Defendant's breach, Plaintiffs have been damaged in excess of $10,000.00.

41.   As a result of Defendant's actions, Plaintiffs have been forced to retain counsel in order to prosecute this action and are entitled to recovery of reasonable attorney's fees and costs herein.

## FOURTH CLAIM FOR RELIEF
### *(Violation of NRS 225.084)*

42.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein and further allege and aver as follows:

43.   Defendant Wong violated NRS 225.084 when he, in bad faith, wilfully filed an amendment to the list of managers or members with the Nevada Secretary of State without *any* authorization or consent of Plaintiffs which removed Plaintiffs from the list and added Qun Yang.

44.   Said amendment was fraudulent because it did not reflect the true managers and members of GPE and was filed without any authorization.

45.   Defendants actions were made with the purpose to harass or defraud Plaintiffs.

46.   As a direct and proximate result of Defendant's actions, Plaintiffs have suffered damages in an amount in excess of $10,000.

47.   As a result of Defendant's actions, Plaintiffs have been forced to retain counsel in order to prosecute this action and are entitled to recovery of reasonable attorney's fees and costs herein.

## FIFTH CLAIM FOR RELIEF
### *(Trademark Infringement, 15 USC 1125(a) & Nevada Common Law)*

48.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein and further allege and aver as follows:

49.   Plaintiffs own a legally valid and protectable trademark for "Panda!", the Panda Show "mark."

50.   Plaintiffs' trademark is distinct.

51.   As a result of Defendant's advertisements in the Las Vegas Chinese News Network, and other conduct as alleged above, he has created a likelihood of confusion as to the origins of the Panda Show.

52.   Plaintiffs' trademark has built a following within the interstate commerce of Chinese culture productions and has therefore garnered strength for their "Panda!" mark.

53.   Defendant has purported to engage in the exact same commercial field as Plaintiffs using the exact same mark as Plaintiffs.

54.   Defendant has taken these actions in order to confuse the market and pass off the Panda Show as his individual property rather than that of GPE.

55.   Defendant's actions have caused actual confusion in the marketplace as he has advertised for a new Panda show in a Chinese publication with substantial Chinese clientele.

56.   The reader of the Chinese publication is unlikely to avoid confusion as the advertisement utilizes the exact same mark as that of Plaintiffs.

57.   As a direct and proximate result of Defendant's infringement, Plaintiffs have suffered substantial harm to their business reputation and their mark. Said damages are in excess of $10,000.00.

58.   On information and belief, Defendant, utilizing Plaintiffs' mark, has had ongoing negotiations with Las Vegas businesses for a Panda Show without the permission or knowledge of Plaintiffs.

59.   On information and belief, Defendant has knowingly passed off Plaintiffs' service as his own while making false representations of source, approval, affiliation, and connection with the purpose to deceive consumers.

60.   Defendant has actual knowledge of GPE's ownership of the service mark and has undergone infringing activity to detriment of GPE and its other members, Jiaxuan and Zhao.

61.   Defendant used Plaintiffs' mark with the knowledge of its goodwill and intending to use its goodwill to promote his own product.

62.   As a result of Defendant's infringing actions, Plaintiffs have suffered damages in an amount in excess of $10,000.00.

63.   As a result of Defendant's actions, Plaintiffs have been forced to retain counsel in order to prosecute this action and are entitled to recovery of reasonable attorney's fees and costs herein.

64.   As a result of Defendant's actions, Plaintiffs are entitled to injunctive relief in order to prevent any further harm to their property.

## SIXTH CLAIM FOR RELIEF
### (False Designation of Origin, 15 USC sec. 1125(a) & Nevada Common Law)

65.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein and further allege and aver as follows:

66.   Defendant has falsely designated himself as the origin of the Panda Show, despite actual knowledge as to GPE's ownership, with the intent to deceive consumers.

67.   Defendant's false designation has had a substantial effect on interstate commerce as he has placed the false designation into a popular Las Vegas-based Chinese publication.

68.   This false designation has created a likelihood of confusion as the advertisement claimed to be putting on a new Panda Show, using the Plaintiffs' mark, beginning in March 2015.

69.   Defendant made such intentional actions in order to use Plaintiffs' goodwill to his individual benefit and to the detriment of Plaintiffs.

70.   As a result of Defendant's infringing actions, Plaintiffs' have suffered damages in an amount in excess of $10,000.

71.   As a result of Defendant's actions, Plaintiffs have been forced to retain counsel in order to

prosecute this action and are entitled to recovery of reasonable attorney's fees and costs herein.

72. As a result of Defendant's actions, Plaintiffs are entitled to injunctive relief in order to prevent any further harm to their property.

## SEVENTH CLAIM FOR RELIEF
### *(Unfair Competition, 15 USC 1125(a))*

73. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein and further allege and aver as follows:

74. As a result of Defendant's advertisements in the Las Vegas Chinese News Network, and other conduct as alleged above, he has created a likelihood of confusion as to the origins of the Panda Show.

75. The Panda Show has built a following within the interstate commerce of Chinese culture productions and has therefore garnered strength for their "Panda!" mark.

76. Defendant has purported to engage in the exact same commercial field as Plaintiffs using words, terms, names, symbols, and/or devices as Plaintiffs, in interstate commerce, which is likely to cause confusion as to source, sponsorship, or association of the Panda show.

77. Defendant has taken these actions in order to confuse the market and pass off the Panda Show as his individual property rather than that of GPE.

78. Defendant's actions have caused actual confusion in the marketplace as he has advertised for a new Panda show in a Chinese publication with substantial Chinese clientele.

79. The reader of the Chinese publication is unlikely to avoid confusion as the advertisement utilizes the exact same mark, name, symbol, etc. as that of Plaintiffs.

80. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered substantial harm to their business reputation and have suffered damages in excess of $10,000.00.

81.  As a result of Defendant's actions, Plaintiffs have been forced to retain counsel in order to prosecute this action and are entitled to recovery of reasonable attorney's fees and costs herein.

82.  As a result of Defendant's actions, Plaintiffs are entitled to injunctive relief in order to prevent any further harm to their property.

**EIGHTH CLAIM FOR RELIEF**
*(Consumer Fraud - Deceptive Trade Practices)*

83.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein and further allege and aver as follows:

84.  Defendant's advertisements in the Las Vegas Chinese News Network, and other conduct as alleged above, violates the Nevada Deceptive Practices Act and constitutes "Consumer Fraud" under Nev. Rev. Stat. § 41.600.

85.  In particular Defendant's deceptive conduct breached his obligations under Nev. Rev. Stat. § 598.0915, which provides that it is a "deceptive practice" to:

a.  Knowingly passes off goods or services for sale or lease as those of another person;

b.  Knowingly makes a false representation as to the source, sponsorship, approval or certification of goods or services for sale or lease;

c.  Knowingly makes a false representation as to affiliation, connection, association with or certification by another person;

d.  Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith; and

e.  Knowingly makes any other false representation in a transaction.

86. As alleged herein, Defendant engaged in unlawful practices in violation of the Nevada Deceptive Trade Practices Act §§ 598, *et seq.*, in that he made false representations in connection with the Panda Show.

87. That as a result of Defendant's actions, Plaintiffs have been damaged in excess of $10,000.00.

88. As such, Plaintiffs are entitled to recover punitive damages in an amount to be determined at trial.

89. As a result of Defendant's actions, Plaintiffs have been forced to retain counsel in order to prosecute this action and are entitled to recovery of reasonable attorney's fees and costs herein.

90. As a result of Defendant's actions, Plaintiffs are entitled to injunctive relief in order to prevent any further harm to their property.

## NINTH CLAIM FOR RELIEF
### *(Intentional Interference with Business Operations)*

91. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein and further allege and aver as follows:

92. Defendant has intentionally interfered with Plaintiffs business relationship with consumers.

93. Defendant intentionally interfered with Plaintiffs' business operations when  he altered the list of managers with the Nevada Secretary of State, filed for a Federal trademark with the USPTO in his own name, and began advertising for a new Panda Show without the knowledge or consent of his business partners.

94. As a direct and proximate result of the Defendant's conduct, Plaintiffs have suffered damages in an amount in excess of $10,000.00.

95. As a result of Defendant's actions, Plaintiffs have been forced to retain counsel in order to prosecute this action and are entitled to recovery of reasonable attorney's fees and costs herein.

96.   As a result of Defendant's actions, Plaintiffs are entitled to injunctive relief in order to prevent any further harm to their property.

## TENTH CLAIM FOR RELIEF
### *(Declaratory Relief)*

97.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein and further allege and aver as follows:

98.   Plaintiffs do hereby seek a declaratory judgment interpreting, reforming, and enforcing the terms of the Panda Show Agreement.

99.   A declaratory judgment from the Court is necessary to define the rights, duties and obligations of the parties with respect to the above-mentioned documents.

100.   Based on the allegations set forth herein, an actual and justiciable controversy presently exists between Plaintiffs and Defendant.

101.   Without declaratory relief, Plaintiffs will continue to be harmed because, among other things, Defendant will continue to deprive them of their rights and interests.

102.   Plaintiffs ask the Court for a declaration that GPE is the sole owner of any and all federal Trademarks related to the Panda Show and that Defendant has breached the Panda Show Agreement.

103.   Plaintiffs also ask the Court for a declaration that Wong is responsible for 40% of all losses related to the Panda Show, pursuant to the Panda Show Agreement.

104.   As a result of Defendant's actions, Plaintiffs have been forced to retain counsel in order to prosecute this action and are entitled to recovery of reasonable attorney's fees and costs herein.

/.../.../

/.../.../

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants herein as follows:

    1.    For appropriate compensatory relief in excess of $10,000.00, in an amount to be determined at trial;

    2.    For declaratory relief as pled in this Complaint, including but not limited to an order declaring that GPE is the sole owner of any and all federal Trademarks related to the Panda Show, that Defendant has breached the Panda Show Agreement, and that Wong is responsible for 40% of all losses related to the Panda Show, pursuant to the Panda Show Agreement.

    3.    For punitive damages, in an amount to be determined at the time of trial;

    4.    For an award of reasonable attorney's fees and costs incurred herein; and

    5.    For any such other relief this Honorable Court deems just and appropriate under the circumstances.

Dated this 29th day of May, 2015.

**CALLISTER & ASSOCIATES**

   /s/ Matthew Q. Callister, Esq.
MATTHEW Q. CALLISTER, ESQ.
Nevada Bar No.  001396
MITCHELL S. BISSON, ESQ.
Nevada Bar No. 011920
823 Las Vegas Boulevard South, Ste. 330
Las Vegas, NV 89101
*Attorneys for Plaintiffs*